Kevin J. Scanlan
ISB #5521; kjs@dukescanlan.com
Joseph M. Aldridge
ISB #9194; jma@dukescanlan.com
DUKE SCANLAN & HALL, PLLC
1087 W. River Street, Suite 300
P.O. Box 7387
Boise, Idaho  83707
Telephone:  (208) 342-3310
Facsimile:  (208) 342-3299

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERESA ARAVE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MITSUBISHI MOTORS NORTH AMERICA, INC.,<br><br>　　　　　　Defendant. | Case No. _____<br><br><br>**DEFENDANT MITSUBISHI MOTORS NORTH AMERICA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

　　　　Defendant Mitsubishi Motors North America, Inc. ("MMNA") removes this case from the Seventh Judicial District Court in and for Bonneville County, State of Idaho, Case No. CV-17-3941, to the United States District Court for the District of Idaho, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice of Removal, MMNA states as follows:

**DEFENDANT MITSUBISHI MOTORS NORTH AMERICA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) - 1**

## I.   INTRODUCTION

1.      The United States District Court for the District of Idaho has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Under 28 U.S.C. § 1441(b), no party properly joined and served as a defendant in this action is a citizen of Idaho, the state in which this action was filed.

2.      On July 5, 2017, Plaintiff Teresa Arave ("Plaintiff") filed this product liability action in the Seventh Judicial District Court in and for Bonneville County, State of Idaho, Case No. CV-17-3941. Declaration of Kevin Scanlan ("Scanlan Dec."), ¶2, **Ex. A** ("Compl.").

3.      In her Complaint, Plaintiff alleges she sustained injuries while driving a 2008 Mitsubishi Lancer that allegedly malfunctioned on July 6, 2015, due to a faulty engine pulley and belt arrangement. Plaintiff alleges she lost control of the vehicle while driving on the freeway and collided with another vehicle. Compl. at ¶¶ 7 – 8.

4.      Plaintiff alleges the following causes of action against MMNA, the sole defendant in this case: (1) violation of Idaho Product Liability Reform Act; (2) strict liability; and (3) negligence. Plaintiff seeks to recover damages for mental pain and suffering, medical expenses, property damage, lost wages, loss of employment, loss of business or employment opportunities, cost of obtaining substitute domestic services, mental anguish, disability or disfigurement, emotional distress, and loss of enjoyment of life.

5.      MMNA was served with a copy of the Summons and Complaint on October 3, 2017. Scanlan Dec. ¶ 3, **Ex. C**.

6. MMNA filed its Answer to Plaintiff's Complaint on October 23, 2017. Scanlan Dec. ¶ 4, **Ex. D**.

## II.    REMOVAL PROCEDURES

7. Pursuant to 28 U.S.C. § 1446(a), a civil action in state court may be removed to the United States District Court for the district and division within which such action is pending. Because the state court action was filed in the State of Idaho, this Court has removal jurisdiction.

8. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within 30 days of service. MMNA was served with the summons and complaint on October 3, 2017, thus removal is timely.

9. As required by 28 U.S.C. § 1446(a), filed herewith are copies of all process, pleadings, and orders in this action that are in the possession of MMNA. This includes: (1) the Summons and Complaint (*see* Scanlan Dec., **Ex. A, Ex. B**); and (2) MMNA's Answer (*see id.*, **Ex. D**).

10. As required by Idaho Local Civil Rules 5.2(d) and 81.1, filed herewith are copies of the State Court docket sheet and Civil Cover Sheet (*see* Scanlan Dec. ¶ 5, **Ex. E, Ex. F**).

11. Venue is proper pursuant to 28 U.S.C. § 1391 because this action was pending in the State of Idaho.

## III.    DIVERSITY JURISDICTION EXISTS

12. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441 and 1446, in that there exists complete diversity of citizenship between Plaintiff and MMNA, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A.      **Complete Diversity of Citizenship**

13.     "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

14.     Plaintiff alleges she is a resident of the State of Idaho. (Compl. ¶ 1.) State citizenship for diversity purposes requires that the individual be domiciled in that state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[N]umerous courts treat a person's residence as prima facie evidence of the person's domicile." *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013) (collecting cases). Therefore, for diversity purposes, Plaintiff is a citizen of the State of Idaho.

15.     As for corporations, for the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). MMNA is now and was at the time of the filing of the complaint, a corporation organized and existing under the laws of the State of California, with its principal place of business in Cypress, California. Therefore, for diversity purposes, MMNA is a citizen of the State of California.

16.     Complete diversity exists between Plaintiff and MMNA.

B.      **Amount in Controversy Exceeds $75,000.00**

17.     A defendant may utilize the allegations in the complaint to establish the amount in controversy. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Alternatively, a defendant may set forth facts in its notice of removal demonstrating that the amount in controversy exceeds $75,000.00. *Id*. In determining the amount in controversy, a court can take into account claims for general and special damages, which include medical expenses, pain and suffering, emotional distress, and lost job opportunities. *See Richardson v. Airserve*, No. 2:11-CV-207-CWD, 2012 WL 1144021, at *2 (D. Idaho Apr. 4, 2012) (noting medical costs, pain and suffering, and loss of consortium); *Naffe v. Frey*, 789 F.3d 1030, 1040–41 (9th Cir. 2015) (noting medical expenses, emotional distress, and lost job opportunities).

18.     Here, based on a conversation with Plaintiff's counsel, MMNA has a good-faith basis to believe that the damages alleged in this action will exceed $75,000.00, exclusive of interest and costs. *See* Scanlan Dec. ¶ 6. According to Plaintiff's counsel, her medical bills arising out of the accident at issue are approximately $40,000.00. *Id*. Further, Plaintiff alleges she is entitled to recover for mental pain and suffering (and will continue to experience such injuries in the future), medical, hospital and/or pharmaceutical expenses, property damage (presumably to the vehicle), lost wages, loss of earnings, loss of employment, loss of business or employment opportunities, cost of obtaining substitute domestic services, mental anguish, disability or disfigurement, emotional distress, and loss of enjoyment of life. Compl. ¶¶ 20, 29–30, 35.

19.     In light of Plaintiff's allegations involving physical and emotional injuries, medical and hospital expenses, and loss of earnings and earning capacity, it is facially apparent from the complaint, and upon information and belief, that Plaintiff seeks damages in excess of $75,000.00. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (recognizing that "courts may use their judicial experience and common sense in determining whether the case

stated in a complaint meets federal jurisdictional requirements"). The requirements of 28 U.S.C. § 1332(a)(1) are satisfied.

### IV.    CONCLUSION

20.    As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

WHEREFORE, MMNA, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully removes this action to the United States District Court for the District of Idaho. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Seventh Judicial District Court in and for Bonneville County, State of Idaho, and written notice is being provided to Plaintiff.

DATED: November 2, 2017            DUKE SCANLAN & HALL, PLLC


By____/s/  Kevin J. Scanlan_____
        Kevin J. Scanlan – Of the Firm
        Joseph M. Aldridge – Of the Firm
        *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 2, 2017, I electronically filed the foregoing document with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

Donald J. Gamble     ☐ U.S. Mail
GORDON LAW FIRM    ☒ Email/ECF Notification
477 Shoup Avenue, Suite 101     don@brentgordonlaw.com
Idaho Falls, ID 83402
Telephone (208) 552-0467
*Attorneys for Plaintiffs*


       /s/ Kevin J. Scanlan
      Kevin J. Scanlan
      Joseph M. Aldridge