# Exhibit A

CASE ASSIGNED TO
HON. JOEL E. TINGEY

BONNEVILLE COUNTY, IDAHO

2017 JUL -5 PM 3: 10

Don Gamble (ID# 8732)
**GORDON LAW FIRM, INC.**
477 Shoup Ave, Suite 101
Idaho Falls, ID 83402
Telephone: (208) 552-0467
Facsimile: (866) 886-3419

**Attorney for Plaintiff**

## IN THE SEVENTH JUDICIAL DISTRICT COURT
## IN AND FOR BONNEVILLE COUNTY, STATE OF IDAHO

| | |
|---|---|
| TERESA ARAVE,<br><br>        Plaintiff,<br><br>vs.<br><br>**MITSUBISHI MOTORS NORTH AMERICA, INC.,**<br><br>        Defendant. | Case No. CV-17-3941<br><br>**COMPLAINT**<br><br>Fee Category: A1<br>Filing Fee: $221.00 |

Plaintiff, by and through his undersigned counsel of record, hereby alleges and complains as follows:

1.      Plaintiff, Teresa Arave ("Plaintiff"), is a resident of Idaho.

2.      Defendant, Mitsubishi Motors North America, Inc. ("Mitsubishi"), at all relevant times does business in Bonneville County, Idaho.

3.      This Court has jurisdiction over the claims and parties to this action by virtue of Idaho Code § 1-705 and § 5-514.

COMPLAINT - 1

4. The amount in controversy in this cause of action exceeds $10,000.00, which is sufficient for the District Court to exercise jurisdiction.

5. Venue is proper by virtue of Idaho Code § 5-404.

## GENERAL ALLEGATIONS

6. Mitsubishi is now, and at all times mentioned in this complaint was, in the business of designing, inspecting, constructing, assembling, and selling vehicles at retail to members of the public.

7. On or about July 6, 2015 Plaintiff was driving a 2008 Mitsubishi Lancer vehicle designed, assembled, constructed, and manufactured by Mitsubishi ("2008 Mitsubishi Lancer") when the vehicle malfunctioned due to a faulty engine pulley and belt arrangement, causing Plaintiff to lose control of the vehicle while driving on the freeway, resulting in a collision.

8. Plaintiff sustained serious injuries when the defective and unreasonably dangerous and unsafe 2008 Mitsubishi Lancer malfunctioned.

9. September 12, 2014, Mitsubishi Motors of North America issued a recall of Mitsubishi Lancers manufactured in 2008. National Highway Traffic Safety Administration campaign ID: 4V562000.

10. The Mitsubishi Lancers manufactured in 2008 were manufactured with an engine pulley and belt arrangement for turning the alternator, the cooling fan and the power steering pump that may experience unusual wear and allow for belt detachment. If

COMPLAINT - 2

the drive belt detaches, the battery may discharge, resulting in engine stall, increasing the risk of a crash.

## CAUSE OF ACTION I: VIOLATION OF IDAHO PRODUCT LIABILITY REFORM ACT

11.     Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Complaint.

12.     Mitsubishi is a "product seller" as defined by Idaho Code § 6-1402 (1).

13.     Mitsubishi is a "manufacturer" as defined by Idaho Code § 6-1402 (2).

14.     The 2008 Mitsubishi Lancer is a "product" as defined in Idaho Code § 6-1402(3).

15.     The defective and unreasonably unsafe and dangerous 2008 Mitsubishi Lancer violates the Idaho Product Liability Reform Act and subjects Mitsubishi to liability because it is unreasonably dangerous and unsafe.

16.     The 2008 Mitsubishi Lancer is unreasonably unsafe and dangerous and defective in its design and/or manufacture by Mitsubishi.

17.     The 2008 Mitsubishi Lancer is unreasonably unsafe, dangerous and defective because of Mitsubishi's failure to properly design and manufacture the 2008 Mitsubishi Lancer when Mitsubishi manufactured the 2008 Mitsubishi Lancer with an engine pulley and belt arrangement for turning the alternator, the cooling fan and the power steering pump that may experience unusual wear and allow for belt detachment.

COMPLAINT - 3

The drive belt detached, the battery may discharge, resulting in engine stall, increasing the risk of a crash.

18.     In addition, Mitsubishi failed to adequately warn Plaintiff of the hazard involved in the foreseeable and ordinary use of the product before Plaintiff used the 2008 Mitsubishi Lancer and was harmed by it.

19.     As a direct and proximate result of the defective and unreasonably unsafe and dangerous 2008 Mitsubishi Lancer, Plaintiff incurred, and is entitled to recover from Mitsubishi, special damages, including medical, hospital and/or pharmaceutical expenses and other damages including but not limited to property damage and lost wages.

20.     As a direct and proximate result of the defective and unreasonably unsafe and dangerous 2008 Mitsubishi Lancer, Plaintiff suffered, and is entitled to recover from Mitsubishi, general damages, including mental pain and suffering, and will continue to experience such injuries in the future.

## CAUSE OF ACTION II:  STRICT LIABILITY

21.     Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Complaint.

22.     The 2008 Mitsubishi Lancer manufactured by Mitsubishi is defective and unreasonably unsafe and dangerous in that it is dangerous for the purposes of driving and instead malfunctioned so that Plaintiff could not steer and caused injuries to Plaintiff.

23.     The 2008 Mitsubishi Lancer manufactured by Mitsubishi was defective

COMPLAINT - 4

and unreasonably unsafe and dangerous and Mitsubishi should have known that the 2008

Mitsubishi would by used by Plaintiff without inspection for defects.

24.     The defect in the 2008 Mitsubishi Lancer was due to an improper design,

manufacture, and/or assembly, of the 2008 Mitsubishi Lancer.

25.     In addition, Mitsubishi failed to properly warn Plaintiff of the

unreasonably dangerous 2008 Mitsubishi Lancer.

26.     Mitsubishi is strictly liable for the damages caused by the unreasonably

dangerous and defective 2008 Mitsubishi Lancer sold to Plaintiff and the failure to warn

Plaintiff of the unreasonably dangerous 2008 Mitsubishi Lancer.

27.     Plaintiff neither knew, nor had reason to know, at the time of her purchase

and use of the 2008 Mitsubishi Lancer or at any time prior thereto, of the existence of the

defects that made the 2008 Mitsubishi Lancer unreasonably dangerous and unsafe for its

intended use.

28.     As a direct and proximate result of the defective and unreasonably unsafe

2008 Mitsubishi Lancer, Plaintiff suffered injuries when the 2008 Mitsubishi Lancer

malfunctioned in the ordinary and expected manner for which it was intended to be used.

29.     As a direct and proximate result of the defective and unreasonably unsafe

2008 Mitsubishi Lancer, Plaintiff incurred, and is entitled to recover from Mitsubishi,

special damages, including medical, hospital and/or pharmaceutical expenses and other

damages including but not limited to property damage and lost wages.

30.     As a direct and proximate result of the defective and unreasonably unsafe

COMPLAINT - 5

2008 Mitsubishi Lancer, Plaintiff suffered and will continue to suffer, and is entitled to recover from Mitsubishi, general damages, including mental pain and suffering, and will continue to experience such injuries in the future.

## CAUSE OF ACTION III: NEGLIGENCE

31.     Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Complaint.

32.     Mitsubishi owed a duty to Plaintiff to warn her of the dangerous defect and to also design, construct, assemble, and inspect the 2008 Mitsubishi Lancer for any and all defects so as to be free from defect and unreasonably dangerous conditions.

33.     Mitsubishi breached the duties it owed to Plaintiff by failing to warn her of the unreasonably dangerous defect and also by failing to design, construct, assemble, and inspect the 2008 Mitsubishi Lancer so as to be safe and free from defects and unreasonably dangerous conditions when used by Plaintiff.

34.     Mitsubishi's breach of duties directly and proximately caused Plaintiff to be seriously injured when the 2008 Mitsubishi Lancer crashed after malfunctioning.

35.     Mitsubishi's negligence directly and proximately caused Plaintiff to suffer special and general damages, which include, but are not limited to, out-of-pocket expenses, loss of earnings, medical expenses, loss of employment, loss of business or employment opportunities, cost of obtaining substitute domestic services, pain, suffering, inconvenience, mental anguish, disability or disfigurement, emotional distress, and loss of enjoyment of life.  The damages incurred by Plaintiff are in an amount greater than

COMPLAINT - 6

$10,000, to be proven at trial.

36.    Plaintiff is entitled to interest on the amount incurred on special damages pursuant to the applicable statutes of the State of Idaho.

WHEREFORE, Plaintiff prays judgment against the Defendant as follows:

1.    For special damages in a sum subject to proof at trial and interest thereon, pursuant to the applicable statutes of the State of Idaho.

2.    For general damages in a sum subject to proof at trial.

3.    For such other and further relief as the Court deems just and proper.

DATED July 5, 2017.

Don Gamble

COMPLAINT - 7